388 So.2d 21 (1980)
STATE of Florida, Appellant,
v.
George N. MUZEVSKY, Richard Williams, Mark S. Loranger, James F. Collins, and Richard S. Kollath, Appellees.
No. 79-762.
District Court of Appeal of Florida, Fourth District.
September 10, 1980.
Jim Smith, Atty. Gen., Tallahassee, Paul H. Zacks, Asst. Atty. Gen., David H. Bludworth, State's Atty., and William B. King, Asst. State's Atty., West Palm Beach, for appellant.
Philip G. Butler, Jr., of Foley, Colton & Butler, West Palm Beach, for appellees.

ON PETITION FOR REHEARING
DOWNEY, Judge.
We previously issued an opinion in this case affirming the judgment and sentence appealed from. In that opinion we held that appellant's Points III, IV and V were without merit and the trial court's ruling involving said points was correct. We went to some pains to discuss Points I and II posed by the State, since those points involved the standing of all of the appellees except Muzevsky to question the search and seizure involved herein. Contrary to appellant's contentions, we held that as of that writing it was our view the concept of standing announced in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), was still viable and until expressly changed by the Supreme Court of the United States it should be followed. Thus, we affirmed the ruling of the trial court that the defendants had standing to attack the search and seizure.
On timely petition for rehearing, the State has called to our attention the case of United States v. Salvucci, ___ U.S. ___, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980) wherein the Supreme Court of the United States overruled Jones v. United States, supra. In Salvucci, the Court held that one charged with possession of contraband does not have automatic standing to attack an unlawful search and seizure. To have standing to attack the illegality of a search and seizure the person must show that he had a legitimate expectation of privacy in the area searched.
No such showing was made by the appellees (except Muzevsky, and his showing of standing only applied to the house) at the hearing on the motion to suppress. Therefore, as to the appellees other than Muzevsky the order of suppression was erroneous. Like this court, the trial court did not have the benefit of Salvucci, supra, at the time said suppression order was entered. In view of the foregoing, we hold that Muzevsky had standing to attack the search and seizure of the house. But Muzevsky, Loranger, and Kollath did not have standing to attack the search of the boat, and Collins and Williams had no standing as to the search of the house.
Accordingly, the petition for rehearing is granted, our opinion of May 21, 1980, is vacated, the order of suppression is reversed, and the cause is remanded with directions that the circuit court deny the *22 motion to suppress as to (a) all appellees with regard to the marijuana seized on the boat, and (b) all appellees except Muzevsky with regard to the marijuana seized from the house.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
ANSTEAD and HERSEY, JJ., concur.