PER CURIAM.
The state brings this appeal from an order suppressing physical evidence found in the defendant’s wife’s purse. We reverse.
Defendant and his wife were jointly charged with possession of cocaine. Only Solomon Bynes, however, moved to suppress the cocaine which had been found in his wife’s purse. The trial court granted the motion, apparently applying the “automatic standing” rule of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Since the rendition of the order, however, the Supreme Court has expressly overruled Jones in United States v. Salvucci, - U.S. -, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Thus, we reverse and remand for further proceedings without prejudice to the defendant’s right to attempt to establish a legitimate expectation of privacy in the area searched. See Rawlings v. Kentucky, - U.S. -, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); Norman v. State, 388 So.2d 613 (Fla. 3d DCA, 1980), 1980 FLW 1849; State v. Muzevsky, 388 So.2d 21 (Fla. 4th DCA 1980).
REVERSED AND REMANDED.
ANSTEAD, BERANEK and HURLEY, JJ., concur.