ON REMAND FROM THE SUPREME COURT OF FLORIDA
DOWNEY, Judge.
I
On May 21, 1980, this court entered a judgment with opinion reversing the judgments of conviction (entered pursuant to nolo contendere pleas) of the appellants. Daley v. State, 387 So.2d 971 (Fla. 4th DCA 1980). In addition, we certified to the Supreme Court of Florida, as being one of great public importance, the question whether a defendant had automatic standing to challenge the legality of a search or seizure if he is charged with an offense that includes, as an element of that offense, possession of the seized material at the time of the contested search and seizure.
On January 14, 1981, the Supreme Court of Florida entered an opinion (State v. Daley, 392 So.2d 1327, Fla., in which the Court remanded the cause to this court for reconsideration in light of United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), and Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980).
We have reconsidered this cause in light of the foregoing decisions of the Supreme Court of the United States and hold that the appellants did not have automatic standing to question the propriety of the search for and seizure of the marijuana involved in this case. In addition, we hold that appellants at the hearing on the motion to suppress evidence did not demonstrate that they had standing (a reasonable expectation of privacy) to question the search and seizure. Appellants gave no evidence as to standing nor did they, with one exception, proffer any evidence as to standing.
The one exception was appellant Daley. In an attempt to show standing, Daley made a proffer that, among other things, he “was legitimately on [the premises when the marijuana was seized at the time in question] pursuant to authorization of a person who possessed legal authority to allow [him] to enter onto these premises” and that “[a]t no time did [he] abandon the contraband which the police subsequently found in the residence in question....” Even had the circuit court accepted the proffer into evidence, and Daley does not argue on appeal that the court’s refusal to accept the proffer was erroneous, the assertions in the proffer are insufficient to demonstrate that Daley had standing to question the search and seizure. We therefore hold that the circuit court’s denial of appellants’ motions to suppress the marijuana was proper. State v. Muzevsky, 388 So.2d 21 (Fla. 4th DCA 1980).
II
In our May 21,1980, opinion, we also held that the circuit court erred in denying the appellants’ motions to suppress certain statements. The circuit court’s refusal to suppress the statements was not dispositive of the charges against the appellants. See Brown v. State, 376 So.2d 382 (Fla.1979). By now holding that the circuit court’s refusal to suppress the marijuana for appellants’ lack of standing was proper, we have ruled on a dispositive issue. Brown v. State, supra. The circuit court’s ruling as to appellants’ statements is thus moot, and we therefore recede from the May 21, 1980, holding relative to appellants’ statements.
*842 III
Untreated in our earlier opinion was the question whether the circuit court’s denial of each appellant’s motion to dismiss was proper.
Although that question is also a disposi-tive issue (Brown v. State, supra), and all three appellants reserved the right to raise the question on appeal from the judgments of conviction, only appellant Daley argued that question on appeal. Since appellants Cavazos and Angsten did not address that question in their appeals, we summarily affirm the circuit court’s denial of their motions to dismiss. Snipes v. West Flagler Kennel Club, Inc., 105 So.2d 164 (Fla.1958).
We have examined the argument relative to the denial of Daley’s motion to dismiss and have concluded it does not demonstrate error.
Accordingly, we vacate the judgment and opinion filed May 21, 1980, and affirm the judgments appealed from.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.