417 So.2d 1051 (1982)
STATE of Florida, Appellant,
v.
Jorge LICOURT, Appellee.
No. 81-2246.
District Court of Appeal of Florida, Fourth District.
July 21, 1982.
Rehearing Denied August 25, 1982.
*1052 Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellant.
Jose M. Sosa, West Palm Beach, for appellee.
DOWNEY, Judge.
Proceeding upon authority of two BOLO's the police stopped an automobile containing appellant and two others. After the undisputedly proper stop the automobile was blocking traffic and, since none of the occupants could speak English, the police decided to take the occupants to the police station nearby and to impound the automobile. Apparently the vehicle was old and the windows would not close, so an inventory search was conducted at the station. While inventorying the car, an officer noticed a "red and white piece of checkered cloth located in a housing which ran across the steering wheel underneath the dashboard." The officer testified that "I knew that cars don't normally come with red and white checkered cloth stuffed in that area of the dashboard. So I reached underneath the dash and removed the cloth to see what it was, consisted of." Upon removing the cloth, he found what proved to be cocaine.
Appellee's motion to suppress the contraband was granted and the State perfected this appeal, contending the trial court erred in suppressing the evidence because 1) appellee did not show he had standing; 2) the court recognized the inventory search was proper; 3) the cloth was in plain view; and 4) the search was incident to a lawful arrest. Appellee says the order of suppression is proper because 1) the inventory search became an exploratory search for evidence, and 2) he had standing because the crime charged involved possession of the very property illegally seized.
Appellee's contention of automatic standing under the old Jones[1] rule is no longer viable since the decision in United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Thus, while appellee did fail to show he had standing to attack the illegality of the search, which showing is a requisite to a successful motion to suppress,[2] we need not rely upon that oversight for reversal.
*1053 Appellee conceded the stop in this case was proper and that the police had a right to take the appellant and the car to the police station. In fact, he does not argue that an inventory search was inappropriate under the circumstances; rather, he zeros in on the scope of the search as being the offending aspect of the police action. We reject this contention and hold that the inventory search was appropriate and that it did not exceed in scope the parameters and purposes of such police procedure.
We do not believe there is merit in the State's contention that the search in this case can be upheld as a search incident to a lawful arrest under New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). We concede that Belton liberalized the circumstances under which a search incident to an arrest can be conducted so that the area to be searched is no longer restricted to the area within the arrestee's immediate control as held in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), and Ulesky v. State, 379 So.2d 121 (Fla. 5th DCA 1979). However, even Belton retains a time restriction regarding the search; it must be a "contemporaneous incident of that arrest." Thus, a search conducted at a time and place far removed from the scene of the arrest would not appear to fulfill the requirements of a search incident to an arrest.
Accordingly, since the inventory search was proper, we reverse the order suppressing the evidence and remand the case for further proceedings.
REVERSED AND REMANDED, with directions.
ANSTEAD and BERANEK, JJ., concur.
NOTES
[1] Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).
[2] State v. Muzevsky, 388 So.2d 21 (Fla. 4th DCA 1980); Rizzo v. State ex rel. City of Pompano Beach, 396 So.2d 869 (Fla. 4th DCA 1981); Daley v. State, 398 So.2d 840 (Fla. 4th DCA 1981); and State v. Rivera, 400 So.2d 22 (Fla. 4th DCA 1981).