FRANK D. UPCHURCH, Jr., Judge.
The state appeals from an order granting Cargal’s motion to suppress. Police officers, who had been given permission by Cargal to enter a motel room he was sharing with Morrison, observed marijuana residue in the toilet bowl, sink and bathtub. Miranda warnings were given and Morrison was questioned about a van parked outside. Morrison admitted the van was his and said the officers could search it but added that his wife had the keys. Cargal told another officer that the van was his and consented to its search.[1] The officers discovered that a vent window was open and entered. A strong odor of marijuana was detected coming from a duffel bag in the back of the van. The texture of the bag’s contents was grassy in nature. The bag was seized and opened. Marijuana and an automatic pistol were found inside.
Miranda warnings were again given and Cargal and Morrison were arrested. The officers gave Morrison and Cargal a moment to speak to one another and Cargal then informed the police that the drugs and pistol were his.
We REVERSE the trial court’s order granting the motion to suppress.
The transcript of the suppression hearing reveals that Cargal conceded that Morrison validly consented to the search of his (Morrison’s) van. Therefore the only issue is whether the warrantless search of Cargal’s duffel bag was proper.
Cargal explicitly consented to the search of the van and the state presented clear and convincing evidence that this consent was freely and voluntarily given. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); Norman v. State, 379 So.2d 643 (Fla.1980). No limitations were placed on the areas of the van to be searched by either Morrison or Cargal. As stated in State v. Custer, 251 So.2d 287 (Fla. 2d DCA 1971);
A voluntary consent to search a given area cannot limit the fruits of a search thereof. Once consent was given to search the entire automobile any contraband found therein was subject to seizure.
251 So.2d at 288-89. See also United States v. Ross, - U.S. -, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
REVERSED.
SHARP and COWART, JJ., concur.

. It was stipulated at the suppression hearing that Morrison did own the van.