418 So.2d 1261 (1982)
STATE of Florida, Appellant,
v.
Donald WARGIN, Appellee.
No. 82-368.
District Court of Appeal of Florida, Fourth District.
September 8, 1982.
*1262 Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellant.
Norman F. O'Rourke, Fort Lauderdale, for appellee.
DELL, Judge.
The State of Florida appeals an order granting Donald Wargin's motion to suppress a quantity of cocaine seized during an airport encounter stop and subsequent consensual search of his luggage.
At the Fort Lauderdale Airport, two plainclothes Broward County deputy sheriffs approached the appellee after his actions in the airport terminal fit a drug courier profile.[1] The police officers identified themselves, explained that they were narcotic agents working with the cooperation of the public, and asked the appellee to permit them to inspect his carry on luggage. He consented. Appellee went into a closed room with the officers and unlocked his suitcase. One of the officers lifted a strangely heavy Kleenex box out of the suitcase. The officer later opened the Kleenex box and found a plastic bag containing approximately two pounds of cocaine. The State charged appellee by information with possession of over 400 grams of cocaine with intent to sell or deliver. Appellee moved to suppress the cocaine found in the Kleenex box on the grounds that he had never been informed of his right to refuse to consent to the search and that the police officers told him that he must consent to the search.
The trial court granted appellee's motion to suppress the cocaine. The court found appellee had freely and voluntarily consented to the search of his luggage after a police encounter stop. The trial court also found that the excessively heavy Kleenex box gave the police a well-founded suspicion that the box contained something other than Kleenex. The trial court concluded, however, that appellee had a right of privacy in the closed and sealed Kleenex box, requiring the police to obtain additional consent before opening it. This failure to request further consent to open containers within the suitcase constituted the basis for the suppression of the cocaine.
The State contends that once the appellee consented to the search of his suitcase for narcotics that such consent extended to any container within the suitcase which might reasonably contain narcotics. We agree and reverse the order of suppression.
The trial court relied on three United States Supreme Court cases in granting the order of suppression, Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981); Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); and United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1979). This trilogy of cases limited the scope of probable cause searches of closed containers. The trial court did not have the benefit of the United States Supreme Court's recent decision United States v. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), which overruled Robbins, modified Sanders, extended Chadwick and redefined the permissible scope of searches which reveal closed containers as follows:
A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be *1263 required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found. A warrant to open a footlocker to search for marijuana would also authorize the opening of packages found inside. A warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search. When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand. [Footnotes omitted.]
Id. at 102 S.Ct. 2170-71.
We find no reason to limit the application of Ross to automobiles or to searches conducted only with probable cause. We conclude that the holding in Ross applies to consent searches and that consent to search luggage includes the authority to search closed containers within the luggage which may conceal the object of the search.
Lastly, the police need not make additional requests for consent to open containers found during a consent search. A person may, of course, limit his consent to a police search even during the course of the search by some verbal or physical act indicating the withdrawal of consent. Goldberg v. State, 407 So.2d 352 (Fla. 4th DCA 1981); Major v. State, 389 So.2d 1203 (Fla. 3d DCA 1980), pet. for review denied, 408 So.2d 1095 (Fla. 1981); Villari v. State, 372 So.2d 522 (Fla. 1st DCA 1979). The appellee could have limited his consent at any time before the police opened the Kleenex box and discovered the cocaine. By neither saying nor doing anything to withdraw his consent, appellee consented to the entire search and everything it revealed.
Accordingly, we reverse the order suppressing the cocaine seized from appellee and remand to the trial court for further proceedings consistent with this opinion.
LETTS, C.J., and ANSTEAD, J., concur.
NOTES
[1] Appellee constantly looked around him in the ticket line, appeared nervous, had limited luggage, purchased a one-way ticket with cash and carried no identification.