JORGENSON, Judge.
This is a state appeal from an order granting the defendants’ motions to suppress physical evidence. For the reasons which follow we affirm the trial court order with respect to the defendant Ruff, reverse with respect to the defendant Spencer and remand for further consistent proceedings.
Ruff and Spencer, together with two others not parties to this appeal, were charged with kidnapping, sexual battery and extortion. The facts elicited during the course of the motion to suppress are as follows. The alleged sexual battery occurred on May 7, 1982. The victim did not report the crime until some time later because the defendants had allegedly taken photographs of her which showed her in various states of undress. The victim had been advised that if she reported the crime the photographs would be published to her friends and associates at school. The investigating officer went tó the defendants’ high school and asked the assistant principal for permission to speak with the defendants. Ruff was brought to the assistant principal’s office where he declined to make any statement. His book bag was searched and the search produced several of the photographs previously mentioned. The investigating officer testified that Ruff had given his consent to the search and that either Mr. Williams or Miss Davis, assistant principals, was present at the time of the consent. Both of the assistant principals testified to the contrary and denied hearing any conversation with regard to consent by Ruff. The investigating officer then asked the school authorities to produce Spencer, who was brought to an assistant principal’s office, shown the pictures previously mentioned, placed under arrest and transported to the Miami Police Department where he gave a formal statement regarding his involvement in the incident. The trial court granted both defendants’ motions to suppress the photographs and denied Spencer’s motion to suppress statements.
With respect to the defendant Ruff the trial court properly granted the motion to suppress. Consent was not proved by clear and convincing evidence. See Norman v. State, 379 So.2d 643 (Fla.1980); Correa v. State, 389 So.2d 1204 (Fla. 3d DCA 1980), review denied, 399 So.2d 1146 (Fla.1981); Glas v. State, 329 So.2d 341 (Fla. 3d DCA 1976). The state’s alternative argument that the search was incident to a lawful arrest is equally unavailing. The state’s reliance on State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982), and Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981), is misplaced. In the case sub judice the investigating officer did not have sufficient probable cause to arrest Ruff at the time of the search.
The trial court erred, however, when it granted Spencer’s motion to suppress. *720 See United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). See also State v. Leavitt, 427 So.2d 211 (Fla. 3d DCA 1983) (acknowledgment of a possessory interest in contraband, absent other factors, does not constitute standing to litigate fourth amendment rights). Spencer has not demonstrated below or here how his fourth amendment interests were violated by the search of Ruff’s book bag and the subsequent seizure of the incriminating photographs. See Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980).
Affirmed in part, reversed in part and remanded for further consistent proceedings.