JOANOS, Judge.
Appellant was stopped by a Road Guard Officer Haskell for bypassing an agricultural station driving a vehicle which the officer reasonably could believe was required to stop for a determination of whether it was a motor vehicle subject to inspection, pursuant to Section 570.15(1)(a)7, Florida Statutes (1981), Gluesenkamp v. State, 391 So.2d 192 (Fla.1980). Officer Haskell told appellant he was from the inspection station and said if appellant would not mind, he would like to look in the back of appellant’s vehicle, or that he needed to look in the back of the vehicle. In response, appellant walked to the back of his vehicle, removed an exterior tire, and opened the window and tailgate. Appellant did not say anything until Haskell began to reach into the back of the vehicle and handle the boxes located there, at which time appellant told Haskell that the contents were personal property, indicating Haskell should go no further. At that time, Haskell stopped and directed appellaht to close up the vehicle.[1]
We disagree with appellant’s argument that he did not consent to have Officer Haskell examine the contents of the vehicle by looking into the back of it. See Denehy v. State, 400 So.2d 1216 (Fla.1980), Bagocus v. State, 359 So.2d 885 (Fla. 1st DCA 1978).
We find no reversible error with regard to any of the other issues raised by appellant.
AFFIRMED.
LARRY G. SMITH and NIMMONS, JJ., concur.

. Haskell stated that when the back of the vehicle was opened, he immediately detected a strong odor of marijuana. Based on his afflda-vit to that effect, a search warrant was issued for the further search and seizure of the contents of appellant’s vehicle.