488 So.2d 551 (1986)
STATE of Florida, Appellant,
v.
Jaime MARINI, Appellee.
No. 85-717.
District Court of Appeal of Florida, Fifth District.
April 10, 1986.
Rehearing Denied May 16, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellee.
ORFINGER, Judge.
The State appeals from an order suppressing evidence seized during a warrantless search of defendant's automobile. We affirm.
Through a random license tag check, Sergeant Erickson of the Leesburg Police Department determined that the tag on the vehicle defendant was driving was not registered for that vehicle. He had defendant park the vehicle in a legal parking spot and asked him to lock it up. He then placed defendant under arrest for the improper tag and frisked him, discovering in the process a .25 calibre automatic weapon concealed in defendant's pocket. The officer next arrested defendant for carrying a concealed weapon, placed him in the patrol car and advised him of his rights.
Sergeant Erickson then obtained the keys to defendant's car, unlocked it and proceeded to search the vehicle. He found nothing suspicious in it nor anything to lead him to believe that it contained any contraband. In the course of the search he saw a partly unzipped suitcase on the back seat, ran his hand through it and felt only clothes. Because it was cold and because the wrecker which he had previously called for had now arrived, the officer terminated the search and returned to his patrol car. Defendant's automobile was towed to the impound lot and defendant was taken to the police station where he was booked. Approximately four hours later, Sergeant Erickson and another officer went to the impound lot, and still without a warrant, continued the search of the vehicle at which time the contraband in question was found in the partly opened suitcase.
Three theories were argued to the court at the suppression hearing to justify the warrantless search of the automobile: (1) inventory search; (2) search incident to arrest; and (3) vehicle exception (probable cause plus exigent circumstances) pursuant to Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The trial court found that none of these exceptions was applicable and granted the defendant's motion to suppress.
Based on the testimony presented, the trial court concluded that the State had failed to prove that the arresting officer had properly advised the defendant of alternatives to impoundment of his vehicle, and therefore the search could not be sustained as an inventory search. Miller v. State, 403 So.2d 1307 (Fla. 1981); Moore v. State, 417 So.2d 1131 (Fla. 5th DCA 1982). The State does not dispute the correctness of this ruling, and could not do so successfully *552 in the face of the trial court's findings.
The State also concedes here that the search of defendant's vehicle was not based on probable cause[1] but argues here, as it did below, that it was a search incident to arrest and thus valid under New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) and United States v. Johns, 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985). The trial court disagreed with this contention, finding:
Further, the Court finds that the search of the defendant's vehicle at the Leesburg Police Department impound lot was not justified as a search incident to arrest. The evidence presented at the suppression hearing revealed that said search was conducted three and one half to four hours after the defendant's arrest, after the defendant had been placed securely in custody and after the vehicle had been impounded. The search of the vehicle that followed was so remote in time and place from the point of arrest that this Court finds it was not contemporaneous and incident to that arrest. See Preston v. United States, 376 U.S. 364 [84 S.Ct. 881, 11 L.Ed.2d 777] (1964); Kuhn v. State, 439 So.2d 291 (Fla. 3d DCA, 1983) and State v. Licourt, 417 So.2d 1051 (Fla. 4th DCA, 1982).
The trial court was correct. In Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), the Court observed that although the police have the unquestioned right to make a contemporaneous search of a defendant's vehicle as an incident to the defendant's arrest,
Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest.
376 U.S. at 368, 84 S.Ct. at 883. In Preston, the defendants had been arrested for vagrancy, and the search of their vehicle, made after it had been towed to a garage, was not based on probable cause to believe that the vehicle contained contraband. Two other district courts of appeal have followed Preston and have held that warrantless searches made at a time and place remote from the arrest and not supported by probable cause, cannot be sustained as searches incident to arrest. See State v. Licourt, 417 So.2d 1051 (Fla. 4th DCA 1982); Kuhn v. State, 439 So.2d 291 (Fla. 3d DCA 1983). That principle applies here.
New York v. Belton is distinguishable because the search there was made on the scene and at the time of the arrest. It was thus a contemporaneous search. In United States v. Johns, the warrantless search was upheld on a completely different theory, i.e., probable cause to believe that the vehicle contained contraband. The Johns court extended the doctrine of United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (if police officers have probable cause to search a lawfully stopped vehicle, they may search any containers found inside the vehicle which may conceal the object of their search) by concluding that a warrantless search based on probable cause is not rendered unreasonable merely because it occurred three days after the search could have been made. See also Florida v. Meyers, 466 U.S. 380, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984). This case is different, because probable cause to search for contraband never existed here.
We conclude that having found that the search was not a proper inventory search and that no probable cause existed to search the vehicle, the trial court correctly held that a search made at a time and place remote from the arrest could not be sustained as a "contemporaneous search" incident to a lawful arrest.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] The trial court specifically found that the search was not supported by probable cause (the officer testified that he had no reason to believe that the vehicle contained contraband) and that therefore the search could not be sustained as falling within the "vehicle exception" to the warrant requirement adopted in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).