492 So.2d 1375 (1986)
Martin Leslie WELLS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1630.
District Court of Appeal of Florida, Fifth District.
August 21, 1986.
Sharon W. Ehrenreich, of Law Firm of Huntley Johnson, Gainesville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals from a conviction for possession of a controlled substance and the term of probation imposed, having entered a plea of nolo contendere, specifically preserving his right to appeal the denial of his motion to suppress evidence. Because we conclude that the warrantless search was unreasonable and unlawful, we reverse.
The facts are not in dispute. On the evening of Monday, February 11, 1985, Trooper Rodney Adams of the Florida Highway Patrol stopped the appellant for speeding. The appellant exited his vehicle and produced his driver's license and explained to the officer that the car belonged to a friend. The officer ran a license and tag check and verified the accuracy of the statement concerning the ownership of the car, and also determined that the appellant's driver's license had expired. During the course of conversation, Trooper Adams noticed the smell of alcohol upon the appellant's person. After appellant acknowledged that he had been drinking, field sobriety tests were administered to him and the appellant was then arrested for driving *1376 under the influence of alcohol. Appellant agreed to take a breathalizer test and Trooper Adams informed him that he would be transported to the machine located at the Florida Highway Patrol Station. The officer testified that the car was parked off the highway, and was not a hazard to traffic.
Before departing to the station, appellant asked Adams if he could retrieve his jacket, which was in the automobile. Adams returned to the car with appellant to be certain that appellant was not going after a weapon. When appellant opened the car door Trooper Adams, using his flashlight, saw what appeared to be a large sum of money lying on the floorboard on the driver's side.
The officer testified that while he wondered about the money, he had no reason to believe that there was any contraband in the car, but because he believed that he had to impound the car he asked for permission to look in its trunk. Appellant first attempted to open the trunk and when unable to do so, gave the key to Trooper Adams who was also unsuccessful. Appellant was told that if the trunk could not be opened with the key, that it may have to be "popped" open. The appellant agreed to this and indicated that he did not know what was in the trunk. Appellant was taken to the Florida Highway Patrol station to take the breathalyzer test and the vehicle was towed to K & S Automotive at approximately 12:30 or 1:00 A.M. The officer never asked for and was never given permission to search the passenger compartment of the car.
Trooper Adams arrived at K & S Automotive at approximately 1:30 A.M. and proceeded to search the car with the assistance of Grover Bryon, an employee of K & S. A search of the interior of the car resulted in the discovery of two marijuana "roaches" in the ashtray. Bryon opened the locked trunk with the key, explaining to the officer that the button had to be depressed as the key was turned. There was only a locked blue suitcase in the trunk. Adams instructed Bryon and another employee of K & S to pry open the locked suitcase. After about 10 minutes, the suitcase was pryed open and a dark colored plastic garbage bag was found inside the suitcase. Adams opened the garbage bag and found inside a quantity of marijuana.
Although the officer throughout his testimony characterized the search as an "inventory search," it is clear that the warrantless search cannot be sustained on that basis. The parked automobile was not a traffic hazard, there was no cause to believe that it contained contraband, and the officer concededly did not advise the defendant of alternatives to impoundment which were available to him.[1]Miller v. State, 403 So.2d 1307 (Fla. 1981); State v. Marini, 488 So.2d 551 (Fla. 5th DCA 1986); Moore v. State, 417 So.2d 1131 (Fla. 5th DCA 1982). The evidence would not support the search on the basis of probable cause because on this point too, the officer conceded that he had none. Nor can the search be supported as one incident to the defendant's arrest, because it was not contemporaneous to the arrest. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); State v. Marini, supra.
The State does not dispute these principles, but does contend, however, that the search was based on consent, a recognized exception to the warrant requirement. The real question thus presented is whether the appellant's consent to look in the trunk of the car included consent to open and search the locked suitcase found in the trunk. If the search of the suitcase (and the passenger compartment) was validly based on *1377 consent, the search is not invalidated by the fact that the officer mistakenly characterized it as an inventory search. Padron v. State, 449 So.2d 811 (Fla. 1984).
The State relies strongly on State v. Wargin, 418 So.2d 1261 (Fla. 4th DCA 1982) wherein the court extended the rule announced in Ross v. United States, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) to consent searches. In Ross, the Supreme Court held that if a police officer has probable cause to search an automobile, then he is justified in searching every part of the vehicle and all containers found therein that may conceal the object of the search. Id. In Wargin, the Fourth DCA applied this rule to a consensual search and held that consent to search a suitcase automatically extended to a search of all containers therein.
The defendant in Wargin was stopped in an airport by narcotics agents. The defendant gave his consent to a search of his suitcase. In the presence of the defendant, the police searched his suitcase and found a "strangely heavy" Kleenex box. The box was opened and a plastic bag containing cocaine was found therein. The court held that an additional request for consent to search the Kleenex box was unnecessary for once the defendant gave his consent to a search of the suitcase, he consented to the search of all containers therein. The court, without extensive analysis, explained its holding as an extension of the Ross rule to consensual searches.
The Third DCA has considered the same question and has held contrary to the Wargin decision. In State v. Fuksman, 468 So.2d 1067 (Fla. 3d DCA 1985), the defendant, a suspect in the theft of airline tickets, was stopped in his automobile for committing a traffic violation. The law enforcement officer asked the defendant if he could search his car, but did not inform the defendant of the nature of the investigation or the object of the search. The defendant agreed and unlocked the doors. The officer opened the door and picked up the defendant's locked briefcase and opened it, finding the airline tickets.
In appealing the trial court's suppression of the evidence, the State argued that Wargin compelled reversal in that the defendant's consent to a search of his automobile extended to a search of his briefcase. In a well-reasoned opinion, the court re-examined the decision in Ross and held that it did not apply to consensual searches. The court recognized that the considerations upon which the holding in Ross was grounded do not exist in a consensual search:
The foundation of the automobile exception is the existence of probable cause. Ross, 456 U.S. at 807-09, 102 S.Ct. at 2163-64; Caroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924). It is the presence of probable cause and the practical considerations which emanate from its presence in the automobile search context which form the basis of the decision in Ross. The court emphasized, first, the necessity of the existence of probable cause and, second, the consequences of not allowing a search of containers. Those consequences include the greater intrusion of seizure or detention of the vehicle, containers and/or persons involved until a probable cause determination can be made by a magistrate. Ross, 456 U.S. at 806-08, 102 S.Ct. at 2163-64. The court specifically indicated that it was not deciding the scope of warrantless searches of automobiles done without probable cause. Id., at 809 n. 11, 102 S.Ct. at 2164 n. 11.
The considerations upon which the holding in Ross is grounded do not exist in the consent search context where there is no probable cause. If a person consents to the search of a vehicle containing luggage and a search of the vehicle alone reveals nothing, the problem of the possible greater intrusion by detention or seizure does not arise because the probable cause necessary to secure the warrant is nonexistent. Therefore, the officer has no dilemma because he has no choice; he must let the consenting party be on his way. It is because the citizen has not *1378 given the police probable cause to believe his vehicle contains contraband that he has the right to proceed without official interference. Absent probable cause, the police can engage in the greater intrusion of searching the luggage only under circumstances in which the scope of the consent to search is defined clearly enough to include the luggage. [Emphasis in original].
Fuksman, 463 So.2d at 1069-1070.
We agree with the analysis of Fuksman.[2]Ross clearly was bottomed in the existence of probable cause, as indicated by the concluding paragraph of that opinion:
We hold that the scope of the warrantless search authorized by [the automobile] exception is no broader and no narrower than a magistrate could legitimately authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.
102 S.Ct. at 2173.
State v. Cargal, 417 So.2d 811 (Fla. 5th DCA 1982), also relied on by the State, can be distinguished. In Cargal, the defendant gave the police permission to search his van. Upon entering the van, the officers detected a strong odor of marijuana emanating from a duffel bag in the van. The texture of the bag was also grassy in nature. This court reversed the order suppressing the marijuana and an automatic weapon found in the bag, citing Ross as well as other cases. It is obvious that once the officers were lawfully inside the van based on consent to enter, the odor of marijuana coupled with the grassy texture of the contents gave the officers probable cause to believe that the bag contained contraband, and because it was contained within a motor vehicle, a warrantless search of the bag was authorized. The essential difference between Cargal and this case is that at no time prior to prying open the suitcase did the officer ever have probable cause to believe that the automobile or any container therein held any contraband.
Consent searches operate on different rules than probable cause searches. The State agrees that a consensual search may be restricted in terms of time or area, Leonard v. State, 431 So.2d 614 (Fla. 4th DCA 1983), and must be terminated upon withdrawal of consent. Goldberg v. State, 407 So.2d 352 (Fla. 4th DCA 1981). No such rules apply in probable cause searches. What is included within the scope of a consent to search is ordinarily to be determined by the totality of the circumstances. Martin v. State, 411 So.2d 169 (Fla. 1982); Fuksman, supra. We hold here that the totality of the circumstances demonstrate that appellant's permission "to look in the trunk" was that and nothing more, and did not extend to the locked luggage within the trunk, nor to the passenger compartment of the car. Without such consent, the search was unlawful. See Horvitz v. State, 433 So.2d 545 (Fla. 4th DCA 1983).
REVERSED.
UPCHURCH, C.J., and COBB, J., concur.
NOTES
[1] The officer testified that the defendant was alert and cooperative. The defendant tested .08 percent on the breathalyzer, less than the .1 percent required by law for a legal presumption that the person is under the influence of alcoholic beverages to the extent that his normal faculties are impaired. § 316.1934, Fla. Stat. (1985). Thus it is clear that there was no impediment to a dialogue between the officer and the defendant about possible alternatives to impoundment of the vehicle. Nor do these facts suggest that the defendant lacked the capacity to understand those alternatives. See Sanders v. State, 403 So.2d 973 (Fla. 1981).
[2] Were it not for the broad holding in Wargin that a general consent to search includes consent to search closed containers found within the search area, we could agree with its result on the facts of that case. Because the defendant fit a drug courier profile, the officers approached him, identified themselves as narcotics agents and asked for permission to search the suitcase. Clearly they were searching for narcotics. Thus, from those facts, the court could conclude that the consent to search the suitcase included consent to search any container within the suitcase which might contain the announced object of the search. In the case sub judice nothing even resembling these facts is present. This case more closely resembles State v. Carney, 423 So.2d 511 (Fla. 3d DCA 1982), where the court held that permission to go aboard defendant's boat was not equivalent to consent to search hidden compartments and containers.