PER CURIAM.
We remand to the trial court for further hearing and determination whether each defendant had a legitimate expectation of privacy in the premises searched so as to afford him or her standing under the doctrine stated in United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). There is no longer automatic standing as in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). See Coster v. State, 392 So.2d 16 (Fla. 3d DCA 1980). See also Combs v. United States, 408 U.S. 224, 92 S.Ct. 2284, 33 L.Ed.2d 308 (1972). It will be remembered that pursuant to Article I, Section 12 of the Florida Constitution as amended, Florida law on search and seizure now follows the United States Supreme Court’s interpretations of the Fourth Amendment to the United States Constitution. The pertinent law is carefully described in Dean v. State, 478 So.2d 38 (Fla.1985).
The present result may appear to conflict with that in Daley v. State, 398 So.2d 840 (Fla. 4th DCA 1981). However, having taken judicial notice of this court’s file on that case — as we may do — we find Daley to be distinguished by the fact that there one defendant had proffered proof of standing which was insufficient to meet the Salvucci standard, and the others had at the time of the search disavowed any pos-sessory interest in the premises and refused to say whether they had permission to be there.
GLICKSTEIN, J., concurs.
STONE, J., concurs with opinion.
WALDEN, J., dissents with opinion.