# VILLAFINA v STATE OF FLORIDA

## Case No. 82-0076AC (County Court Case No. 82-9478MM10)

Seventeenth Judicial Circuit, Broward County

July 5, 1989

### APPEARANCES OF COUNSEL

**Bruce L. Randall,** for appellant.

**James P. McLane,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

ROBERT B. CARNEY, Circuit Judge.

*ORDER AFFIRMING TRIAL COURTS JUDGMENT AND SENTENCE AND THE DENIAL OF THE PRE-TRIAL MOTIONS*

THIS CAUSE having come before this Court upon Appellant's appeal of the Order denying Appellant's Pre-Trial Motions, the Court having received and reviewed appellate briefs, and being fully advised

in the premises, makes the following findings of facts and conclusions of law:

FINDINGS OF FACTS:

1. On May 20, 1982 Broward Circuit Judge Shahood signed an Order of Determination of Probable Cause of Obscenity. Approximately one week later on May 27, 1982 Fort Lauderdale Police Officer Scott Israel went to Judge Purdy, a Broward Circuit Judge, who issued a search warrant for the materials listed on the Order of Determination of Probable Cause of Obscenity.

2. Thereafter Detective Israel went to Studio X Bookstore with the signed search warrant. Appellant, Manuel Villafina, was the attendant behind the cash register at the bookstore. The officers located the materials listed in the search warrant and seized nine copies of the listed materials and arrested the Appellant.

BASED ON THE FOREGOING THIS COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. The material seized is not presumptively protected First Amendment material. Material that is determined obscene is not within the area of constitutionally protected speech or press. *Roth v U.S.,* 354 U.S. 476, 77 S.Ct. 1304 (1957). However, even if the material were found to be protected speech the remedy that the Appellant would be entitled to would be the return of the evidence. Suppression of the evidence is not the proper remedy in a First Amendment case. *U.S. v Sherwin,* 539 F.2d 1 (9th Cir. 1976). In the case at bar a neutral and detached magistrate made a probable cause determination of obscenity prior to the issuance of the warrant. The issuing magistrate must also have a full opportunity for an independent judicial determination of probable cause prior to issuing the warrant. *Heller v New York,* 413 U.S. 483, 93 S.Ct. 1789 (1973), *Marcus v Search Warrants of Property,* 376 U.S. 717, 81 S.Ct. 1708 (1961).

B. The Appellant has failed to establish the requisite standing required in Fourth Amendment cases. *U.S. v Salvucci,* 448 U.S. 83, 100 S.Ct. 1547 (1980). The proponent of a motion to suppress has the burden of establishing that he had a legitimate expectation of privacy in the area searched. *Acebo v State,* 415 So.2d 909 (Fla. 2 DCA 1980). Since the Appellant is seeking to suppress the evidence he is operating under the Fourth Amendment which requires standing to attack the legality of the seizure. Automatic standing is no longer viable since the *Salvucci* decision. *State v Licourt,* 417 So.2d 1051 (Fla. 4DCA 1982).

C. Appellant did not proffer any evidence that he had standing at

32

the suppression hearing. In order to invoke the protection of the exclusionary rule the Appellant must show that he had an expectation of privacy in the area searched. *Rakas v Illinois,* 439 U.S. 128, 99 S.Ct. 421 (1978). Furthermore, the benefit of the exclusionary rule may only be invoked by the individual whose own Fourth Amendment rights have been violated. Fourth Amendment rights are personal rights which may not be vicariously asserted. *Rakas,* at 133-34 (1978).

D. The Trial Court erred in quashing the subpoena and issuing the protective order. Judges are not immune or excused from being called as a witness in a cause not on trial before them. *State v Kelly,* 312 A.2d 906 (1973). However, there is a proscription into the examination of the judge's mental process. *U.S. v Morgan,* 313 U.S. 409, 61 S.Ct. 999 (1940). In light of the fact that the Appellant lacked the standing to bring the Motion to Suppress the error by the trial court is found to be harmless.

WHEREFORE, it is ORDERED AND ADJUDGED that the Trial Court's Judgment and Sentence and the denial of Pre-Trial Motions is hereby affirmed.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida, 33301, this 5th day of July, 1989.