467 So.2d 1063 (1985)
Stephen R. PALMER, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-827.
District Court of Appeal of Florida, Third District.
April 23, 1985.
R.H. Bo Hitchcock and Gerald Cunningham, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen. and Diane Leeds and Carolyn Snurkowski, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
SCHWARTZ, Chief Judge.
After he was approached by narcotics officers in the Miami Amtrak station, Palmer voluntarily agreed to speak with them and then gave them permission to "look into" his tote bag. Inside, they found several packages wrapped in brown paper, each six inches long and two inches wide. They squeezed one package and found it contained a "malleable" substance whereupon Palmer was asked what was inside. *1064 Upon his reply that it was a present from a friend, the officers opened the packages and found cocaine. The trial court denied Palmer's motion to suppress the contraband and he has taken this appeal from his conviction for trafficking entered pursuant to a nolo plea which reserved the right to challenge that ruling. We affirm.
In the present state of the law, it is clear that the encounter between Palmer and the officers was a mere contact which did not involve a constitutional "seizure" of his person, and therefore did not require the existence of a prior founded suspicion of unlawful activity  one which in this case did not exist. Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Florida v. Rodriguez, 461 U.S. 940, 103 S.Ct. 2115, 77 L.Ed.2d 1298 (1983); Login v. State, 394 So.2d 183 (Fla. 3d DCA 1981). There was ample evidence, in turn, to sustain the trial court's finding that Palmer's thus-untainted-by-unlawful-restraint consent to search the tote bag was freely and voluntarily given. Martin v. State, 411 So.2d 169 (Fla. 1982); Alzate v. State, 466 So.2d 331 (Fla. 3d DCA 1985).
This brings us to the only challenging issue in the case: whether the officers were constitutionally justified in opening the packages and seizing the cocaine. We conclude on two alternative grounds that they were. First, when, pursuant to the consent, the police discovered the distinctively wrapped, shaped, and sized packages, there was, as they testified and as the trial court specifically and correctly held, probable cause to believe that narcotics were present. P.L.R. v. State, 455 So.2d 363 (Fla. 1984); Council v. State, 442 So.2d 1072 (Fla. 3d DCA 1983). On that basis the officers were thereafter permitted to seize and examine the packages as incident to the arrest of Palmer on that charge. See Flanagan v. State, 440 So.2d 13 (Fla. 1st DCA 1983), pet. for review denied, 450 So.2d 486 (Fla. 1984) (officer authorized to seize contraband observed in plain view upon consensual entry into premises); McGee v. State, 614 P.2d 800 (Alaska 1980), cert. denied, 450 U.S. 967, 101 S.Ct. 1485, 67 L.Ed.2d 617 (1981) (officer authorized to seize gun after consensual view of firearm revealed that gun was contraband); W. LaFave, Search and Seizure § 8.1 n. 75.2 (Supp. 1985). This is true even though the actual arrest was formally effected after the search. Thomas v. State, 395 So.2d 280, 281 (Fla. 3d DCA 1981); State v. Abislaiman, 437 So.2d 181 (Fla. 3d DCA 1983), pet. for review denied, 449 So.2d 264 (Fla. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 123, 83 L.Ed.2d 65 (1984).
Second, the initial consent to search the tote bag is properly regarded as extending to the packages themselves, particularly in the light of the fact that, unlike, for example, Goldberg v. State, 407 So.2d 352 (Fla. 4th DCA 1981) and Major v. State, 389 So.2d 1203 (Fla. 3d DCA 1980), pet. for review denied, 408 So.2d 1095 (Fla. 1981), Palmer did not restrict, withdraw or limit his consent in any way, even when directly questioned about the packages' contents. State v. Price, 363 So.2d 1102 (Fla. 2d DCA 1978), cert. denied, 372 So.2d 470 (Fla. 1979) (consent to search vehicle extended to examination of jacket lying between seats); see United States v. Covello, 657 F.2d 151 (7th Cir.1981); cases collected at W. LaFave, Search and Seizure § 8.1 n. 55 (Supp. 1985); cf. State v. Wargin, 418 So.2d 1261 (Fla. 4th DCA 1982).[1]
Affirmed.
NOTES
[1] Wargin is cited only for its discussion of general consent principles. We do not endorse its broad conclusions "that the holding in [United States v.] Ross [, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)] applies to consent searches and that consent to search luggage includes the authority to search closed containers within the luggage which may conceal the object of the search." 418 So.2d at 1263.