508 So.2d 546 (1987)
Serafin Joseph ROSA, Jr., Appellant/Cross-Appellee.
v.
The STATE of Florida, Appellant/Cross-Appellee,
No. 85-2580.
District Court of Appeal of Florida, Third District.
June 16, 1987.
*547 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant/cross-appellee.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee/cross-appellant.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
HENDRY, Judge.
The defendant appeals from a judgment of conviction and sentence entered following his plea of nolo contendere specifically reserving for appeal the denial of his motion to suppress. The state cross-appeals the sentence imposing a term of imprisonment and failing to impose the statutory fine. For the reasons which follow, we affirm on the appeal, and reverse on the cross-appeal.
The state charged Rosa with trafficking in cocaine in violation of section 893.135(1)(b)(3), Florida Statutes (1983). He pled not guilty and waived trial by jury. Rosa then moved to suppress the evidence. At the suppression hearing, two police officers testified for the state that they observed Rosa and another man drive up to the Miami Amtrak Station, remove two pieces of luggage from their car, and proceed to the ticket counter. One of the officers heard Rosa ask a porter if he (Rosa) could take his luggage on board the train, and heard the porter advise him that he could. The officer also heard Rosa ask the reservation agent to purchase a ticket for New York and heard Rosa state that he did not have a reservation. The officers felt it was suspicious that Rosa and his companion had a minimal amount of luggage, and wanted to go to New York, but had no reservation. The officers subsequently approached the two men where they were seated, with their bags, near the ticket counter. The officers identified themselves, and one officer asked Rosa if he would mind speaking to him for a moment. Rosa replied, no, he didn't mind. When asked, Rosa produced identification and answered the officer's questions as to where he lived, his destination, whether he had a reservation, and the purpose of his trip. Rosa explained he was going to New York to see his son, that he had lived there at one time, but now lived in Miami, and that he didn't have a ticket and was waiting to see if space was available on the train. The officer then explained the problem they had with weapons and narcotics being taken through the train station, and asked Rosa whether he would mind having his luggage searched. Rosa indicated to *548 go ahead, he didn't mind. During the search, the officer pulled a small blue zippered bag out of the piece of luggage near Rosa and Rosa gestured, extending his hands outward with his palms up. He stated, "Oh, that's a gift from my son." The officer then unzipped the blue bag and found inside a package containing cocaine. Rosa was then arrested and advised of his constitutional rights.
Upon the trial court's denial of his motion to suppress, Rosa entered a plea of nolo contendere with a reservation of the right to appeal the denial of his motion. It was stipulated that the suppression ruling was dispositive. Rosa was adjudged guilty and sentenced to the mandatory minimum term of imprisonment provided by section 893.135(1)(b)(3).[1] However, the trial judge did not impose the fine of $250,000 provided by the same statute.
At a hearing held subsequently on Rosa's motion for rehearing of the court's suppression ruling, Rosa argued that the evidence established he had withdrawn his consent prior to the search of the blue zippered bag. The trial judge stated that the motion to suppress would have been granted if Rosa had used the word "no" in connection with the statement, "That's a gift... ."
Appellant urges reversal on the ground that the trial court erred in denying his motion to suppress because (1) the state did not meet its burden to demonstrate consent to search by a preponderance of the evidence, and (2) if there was a consent to search, it was withdrawn prior to the discovery of the contraband.
The trial court found that the defendant had consented to the initial search and that he had not, by his actions and words, withdrawn his consent prior to the search of the inner bag which contained the contraband. The trial court's ruling on a motion to suppress is presumptively correct and this court, in reviewing such a ruling, will interpret the evidence and reasonable inferences and deductions derived from the evidence in a manner most favorable to sustain the trial court's ruling. Johnson v. State, 438 So.2d 774, 776 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984); McNamara v. State, 357 So.2d 410, 412 (Fla. 1978). This court must accept the trial court's ruling on the motion to suppress if the record reveals evidence to support the findings. State v. Spurling, 385 So.2d 672, 674 (Fla. 2d DCA), review denied, 392 So.2d 1379 (Fla. 1980). We conclude that the record contains testimony which, while not altogether consistent, supports the trial court's conclusions, in ruling on the motion to suppress, that the defendant gave a valid consent to search and that he did not, by his actions or words, withdraw his consent to search. Therefore, we affirm the trial court's denial of the motion to suppress.
As to the cross-appeal, the state contends that the trial court committed reversible error in sentencing the defendant in that the court failed to impose the statutory fine of $250,000 pursuant to section 893.135(1)(b)(3). We find that the cross-appeal was timely filed, see Brickell Bay Club Condominium Ass'n v. Forte, 379 So.2d 1334 (Fla. 3d DCA 1980), and that the state's position relative to the fine has merit. The fine is mandated by the statute, and the trial court was without discretion to eliminate this portion of the statutory penalty or otherwise mitigate the sentence, unless the state had moved to mitigate under section 893.135(3), which it did not do in this case. Sastre v. State, 487 So.2d 1137 (Fla. 3d DCA 1986). We are therefore required to reverse the sentence and remand for imposition of the $250,000 statutory fine.
*549 Affirmed in part, reversed in part, and remanded.
NOTES
[1] Section 893.135(1)(b)(3) states:

(b) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s. 893.03(2)(a)4. or of any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine." If the quantity involved:
* * * * * *
3. Is 400 grams or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $250,000.