STONE, Judge.
The defendant was convicted of trafficking in cocaine. The trial court denied her motion to suppress evidence obtained in the search of her luggage while she was a passenger on a Greyhound bus. Sheriff’s deputies boarded the bus while it was stopped at the terminal. After speaking with several passengers, they conversed with the defendant.[1]
The deputies’ testimony was that the defendant responded affirmatively when asked if she would speak with them. The defendant was advised of their identity and purpose. The deputies did not block her exit and she was told that she had a right to refuse consent to search her luggage. When asked if she would consent, she did so, identifying her luggage as one bag above her head and one between her feet. She handed the latter bag to the deputy, who uncovered a package wrapped in plastic tape. The deputy testified that he had seen packages wrapped in this manner on hundreds of occasions, and based on his experience, he had reason to believe it contained cocaine. He poked a hole in the package and his suspicion was confirmed. At no point did the defendant withdraw or seek to limit her consent.
The defendant denied giving her consent to the search and being told she could refuse the officers’ request. However, she did sign a “consent to search” form acknowledging that she had given consent to the search, and that she had been informed of her right to refuse.
The trial court made the following findings: there was a lawful encounter; there was no stop nor detention prior to discovery of the contraband; the defendant was one of many people on the bus the officers spoke with; and a reasonable person would not have felt detained. He also found that no weapons were brandished and that the officers had politely asked the defendant if she would speak with them. The court stated that he had weighed credibility and concluded that consent to search had been freely and voluntarily given.
The trial court applied the correct standard of proof in concluding, after determining that there had been no unlawful detention, that the state had sufficiently proven consent by the preponderance of the evidence. See Denehy v. State, 400 So.2d 1216 (Fla.1980); Elsleger v. State, 503 So.2d 1367 (Fla. 4th DCA), dismissed, 511 So.2d 298 (Fla.1987). The ruling of the trial court on issues of fact is entitled to a presumption of correctness. See McNamara v. State, 357 So.2d 410 (Fla.1978); Rosa v. State, 508 So.2d 546 (Fla. 3d DCA), rev. denied, 515 So.2d 230 (Fla.1987).
The trial court considered the totality of the circumstances in concluding that the defendant’s consent was voluntary.[2] See, e.g., United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Denehy v. State, 400 So.2d 1216 (Fla.1980); State v. Avery, 531 So.2d 182 (Fla. 4th DCA 1988) (en banc).
*297 Defendant also contends that any consent to search the luggage did not include a search of its contents. However, we conclude that the trial court did not err in determining that the consent did extend to an examination of the package. See State v. Wargin, 418 So.2d 1261 (Fla. 4th DCA 1982); Rosa v. State, 508 So.2d 546 (Fla. 3d DCA), rev. denied, 515 So.2d 230 (Fla.1987); Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985). See also United States v. White, 706 F.2d 806 (7th Cir.1983). We also note that the validity of the search of the container in this case is even further buttressed by the testimony that the package was readily recognized as the type commonly used to transport cocaine. See Burke v. State, 465 So.2d 1337 (Fla. 5th DCA 1985).
The judgment of conviction is affirmed.
GUNTHER, J., concurs.
WEBSTER, PETER D., Associate Judge, dissents with opinion.

. The defendant is Spanish speaking, but one of the deputies is fluent in Spanish, which is his native tongue. After the initial contact, all communications were in Spanish. We do not consider this an issue in this case. See State v. Santamaria, 464 So.2d 197 (Fla. 3d DCA 1985); Restrepo v. State, 438 So.2d 76 (Fla. 3d DCA 1983).

. We note that the trial court additionally commented:
The Court’s nevertheless finding that there was not a stop, that the police officers were simply walking down the bus and had had contact with a number of people on the bus other than the defendant and making requests as to whether or not they could search luggage. The Court finds that is citizen contact and that a reasonable person innocent of a crime sitting on the bus would not feel that they were being detained. And there is nothing to suggest that they were being detained.