535 So.2d 659 (1988)
James Albura HENDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1168.
District Court of Appeal of Florida, Third District.
December 20, 1988.
*660 Jeffery P. Raffle, Coral Gables, for appellant.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before BARKDULL and DANIEL S. PEARSON, JJ., and MELVIN ORFINGER, Associate Judge.
DANIEL S. PEARSON, Judge.
We affirm the defendant's conviction for trafficking in cocaine.
Contrary to the defendant's contention, the seizure of the cocaine from his luggage pursuant to his consent was lawful.
First, the trial court's finding that the defendant was not seized before he consented to a search of his luggage and that his consent to the search was thus not vitiated by any prior illegality is adequately supported by the evidence. Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); State v. Milwood, 430 So.2d 563 (Fla. 3d DCA 1983); Sands v. State, 414 So.2d 611 (Fla. 3d DCA 1982); Login v. State, 394 So.2d 183 (Fla. 3d DCA 1981). Moreover, that finding is not undermined by the fact that one of the detectives who encountered the defendant subjectively intended to stop the defendant if he attempted to leave, since the detective's subjective intention was in no manner conveyed to the defendant. See United States v. Mendenhall, 446 U.S. 544, 554 n. 6, 100 S.Ct. 1870, 1877 n. 6, 64 L.Ed.2d 497, 509 n. 6 (1980) ("[T]he subjective intention of the DEA agent in this case to detain the respondent, had she attempted to leave, is irrelevant except insofar as that may have been conveyed to the [defendant]").
Second, the defendant's unqualified affirmative response to a detective's question  "Could I have permission to search that bag?"  was sufficient to permit the detective to pick up and shake the Arrid deodorant container seen in the bag. This is so because a consent to "search" contemplates that the searcher will employ all of his senses in conducting the search. See People v. Lee, 194 Cal. App.3d 975, 984, 240 Cal.Rptr 32, 37 (1987) ("Knowledge *661 gained by a police officer through the sense of touch is as meaningful as knowledge gained through other senses."). Cf. United States v. Russell, 216 U.S.App.D.C. 165, 169, 670 F.2d 323, 325 (1982) ("`Plain view,' we think it safe to say, encompasses `plain touch,' and probably `plain smell' as well."); State v. Washington, 134 Wis.2d 108, 121, 396 N.W.2d 156, 162 (1986) ("Evidence in plain view is not restricted to items which can only be seen, but rather includes the realization of items or events to all of the human senses, smell, sight, touch, hearing and taste."); Lara v. State, 497 So.2d 1311 (Fla. 1st DCA 1986) (officers may use sense of smell from place where officer had right to be). See also 1 W. LaFave, Search and Seizure, § 2.2, at 320 (2d ed. 1985).
Third, the detective's testimony that, having picked up and shaken the Arrid container, he concluded that the container probably held cocaine, was, in light of the detective's extensive experience with narcotics smuggling, more than sufficient to establish probable cause for a search of the container.[1]Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985); State v. Ellison, 455 So.2d 424 (Fla. 2d DCA 1984).
In support of his position that the opening of the Arrid container was unlawful, the defendant heavily relies on Horvitz v. State, 433 So.2d 545 (Fla. 4th DCA 1983). We find Horvitz to be readily distinguishable. There, the defendant agreed that police officers could "look" inside his briefcase but specifically told the officers not to touch the several wrapped packages therein. Because the defendant's consent contained this caveat, the court found that the subsequent picking up and smelling of the packages went beyond the limits of the consent and that, therefore, the evidence of cocaine found within the packages should have been suppressed. In contrast, here Henderson consented to a "search," not a "look-but-don't-touch." Since "search" includes touching and shaking, see Leake v. Commonwealth, 220 Va. 937, 265 S.E.2d 701 (1980), an affirmative and unqualified answer to the question, "Could I have permission to search that bag?", was sufficient to allow the picking up and shaking of the Arrid container.[2]
We reject the defendant's other point on appeal as any error in the prosecutor's arguments to the jury was waived by the defendant's failure to object to such arguments, invited by the defendant's argument, or rendered harmless by the overwhelming evidence of the defendant's guilt.
AFFIRMED.
NOTES
[1] Detective Johnson testified that when he shook the Arrid container, he felt a

"slight vibration of fluid as opposed to being the exact same weight as it would have been if it was full... . [W]hen I shook the container it didn't shake like an Arrid Extra Dry container... . When you shook this one it was just a very tiny motion of liquid shaking ... more like a solid except it did weigh about the same as what one would expect an Arrid Extra Dry container to weigh."
Moreover, the bottom of the Arrid container was threaded to unscrew clockwise, which, according to Johnson, indicated a container made for the express purpose of smuggling.
[2] In distinguishing Horvitz, we have assumed, without deciding, its correctness. However, in Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985), this court upheld the search of a defendant's tote bag where the police picked up and squeezed paper-wrapped packages inside, even though the defendant had agreed to allow the police only to "look into" his bag. It does not appear that the defendant in Palmer raised the precise issue that consent to look into luggage does not authorize touching and squeezing of objects seen therein.