540 So.2d 165 (1989)
Paul J. CURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-3359.
District Court of Appeal of Florida, Fourth District.
March 15, 1989.
Rehearing Denied April 19, 1989.
Geoffrey C. Fleck of Friend & Fleck, South Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
For the umpteenth time, we consider problems relative to a consent search, on this occasion in the waiting area of an Amtrak Station. The trial court denied the motion to suppress. We affirm.
Pursuant to an informed consent to search, a police officer unzipped the defendant's bag and discovered therein two opaque silver-wrapped duct-taped packages. Based on his experience, he recognized that opaque containers such as these usually contain contraband and he poked a hole in one of the packages from which a white powder issued forth. Needless to say, it was cocaine.
Based on State v. Avery, 531 So.2d 182 (Fla. 4th DCA 1988), and under the facts sub judice, we would expect to affirm the trial court. However, the defendant has raised a new variation on the theory of consent searches, that is, the extent of them.
Specifically, the defendant cites two cases authored by Justice Barkett. First of all, in Caplan v. State, 531 So.2d 88, 92 (Fla. 1988), the opinion remarked:
Even if we assume this officer had special expertise to recognize illegal narcotics, this case more closely resembles the line of authority holding that the mere observance of an opaque container commonly used to transport contraband does not, without more, give rise to probable cause to search.
Next, only two months ago, the supreme court in State v. Wells, 539 So.2d 464, 467 (Fla. 1988) said:

*166 When the police are relying upon consent to conduct a warrantless search, they have no more authority than that reasonably conferred by the terms of the consent. If that consent does not convey permission to break open a locked or sealed container, it is unreasonable for the police to do so unless the search can be justified on some other basis.
We would be frank to admit that we agree with the three dissenters in Wells that the majority in that case appears to have overruled United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). However, we do not believe that either Wells or Caplan calls for a reversal in the case sub judice.
The result reached here is in accord with a case out of the Third District, Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985), pet. for rev. dism., 459 So.2d 1041 (Fla. 1984), which in turn appropriately cites a Florida Supreme Court case, P.L.R. v. State, 455 So.2d 363 (Fla. 1984), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985). Justice Barkett explains P.L.R. in Caplan by saying "additional factors," besides observation of opaque containers, are needed. In footnote 2, Justice Barkett gives examples of these additional factors: 1) a container that is commonly used to hold narcotics, 2) the container is at a known narcotics transaction site, and 3) the container is determined to be narcotics-related based on the observations of police officers with sufficient experience and expertise in such matters. In the case before us now, the officer had nine years' experience in law enforcement and knew that the duct-taped packages and the feel of them were typical of kilos of cocaine. We affirm.
AFFIRMED.
GUNTHER, J., concurs.
ANSTEAD, J., concurs in conclusion only.