544 So.2d 1112 (1989)
Jorge RADA, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2942.
District Court of Appeal of Florida, Third District.
June 13, 1989.
Carl L. Masztal, Miami, and Rhonda Anne Anderson, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
PER CURIAM.
The Defendant, Jorge Rada, was convicted of trafficking in cocaine in violation of Section 893.135, Florida Statutes (1987), and attempted bail-jumping in violation of *1113 Sections 777.04 and 843.15, Florida Statutes (1987). He was sentenced to fifteen years for trafficking and fined $262,500. We affirm as to the trafficking conviction and reverse as to the attempted bail-jumping conviction.
The facts relating to the trafficking conviction are as follows. Four police officers had been conducting surveillance at a shopping center parking lot, when their attention was drawn to a particular car because it remained in the lot for ten minutes and the passengers did not exit. The Defendant subsequently approached the car, shook hands with the driver, and entered the passenger side of the car. The car then slowly drove out of the parking lot, went around the block, and re-entered the parking lot. The officers, who were approximately 200 feet away from the car, observed the Defendant get out of the car carrying a black opaque plastic shopping bag rolled into a rectangular shape. As the car left the parking lot, the Defendant, nervously looking around, walked toward and entered another car in the lot containing a male driver.
At this point, two officers approached this second car, identified themselves, informed the driver that they were conducting a narcotics investigation, and stated that they suspected that the Defendant and the driver were carrying narcotics. One of the officers asked the driver for his consent to search the car, advising him that he did not have to talk and that he was free to leave. The driver replied: "Fine, I have nothing to hide, you may search the car." At this point, both the driver and the defendant voluntarily exited the car. One of the officers then removed the black bag from the floorboard behind the passenger's seat of the car. He opened the bag and observed a white plastic bag inside which contained two green, rectangular kilo packages of the kind normally used to wrap cocaine. The officer observed that the packages smelled like cocaine. These packages were then opened, tested positive as cocaine, and the Defendant and the driver were arrested. The Defendant did not object to the search at anytime.
We find that the trial court properly denied the Defendant's motion to suppress the evidence. The initial encounter was clearly consensual, and thus did not require the existence of a prior founded suspicion of unlawful activity on the part of the officers. See Jacobson v. State, 476 So.2d 1282 (Fla. 1985); Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985). Neither the Defendant nor the driver were restrained, and both were specifically advised that they were free to leave. The encounter occurred outdoors in a public shopping center, and the officers did not display any weapons and were not in uniform.
It is also clear that the consent to search the car obtained from the driver was valid, because the driver of a jointly occupied car possesses the authority to consent to a search of that car on behalf of all passengers. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); United States v. Anderson, 859 F.2d 1171 (3d Cir.1989). The search conducted by the officers did not exceed the scope of the consent. Once the officer opened the black bag, observed the kilo packages, and detected the odor of cocaine, he had probable cause to open the kilo packages and test it. See Henderson v. State, 535 So.2d 659 (Fla. 3d DCA 1988); Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985). This evidence, properly introduced, is more than sufficient to sustain the trafficking conviction.
However, we find that the conviction for attempted bail-jumping is not supported by substantial competent evidence. After being released on $100,000 bond, and approximately twelve days prior to his trial date, the Defendant boarded a flight to Panama with a one-way ticket issued under the names Velez/Nelson. The ticket reflected a connecting flight from Panama to Bogota which was set for eight days after the Defendant's scheduled trial. An officer's attention was called to the Defendant, by the fact that the Defendant was found sitting in someone else's seat. When the Defendant was asked for a passport and other identification, he said he had none. In addition to the ticket possessed by the Defendant which bore the names Velez/Nelson, *1114 the Defendant also had a second ticket for a flight the following day (approximately eleven days prior to his trial date) to San Jose, Costa Rica, from Panama which bore the name of "Jose Prada." The Defendant told the officer that his name was "Jose Rata." When the Defendant was eventually identified as Jorge Rada, he was arrested for obstructing justice.[1]
The Defendant is a pilot and alleged that he was actually going to Costa Rica (by way of Panama and Colombia) with Velez to fly a plane back to Miami for repairs. The Defendant claims that he used Velez's tickets to Panama and Bogota, because Velez decided not to go on the trip at the last minute. The Defendant further claims that the reason the ticket he purchased from Bogota to San Jose was under the name of "Prada", was due to a typographical error.
We find that, on the facts of this case, the evidence is insufficient to support a conviction for attempted willful failure to appear before a court. The flight the Defendant boarded was twelve days prior to his scheduled court appearance. The State did not present any evidence that the Defendant would not have been able to return to Miami in time for his court date, or to rebut the Defendant's testimony that he was going to San Jose, Costa Rica to fly an aircraft back to Miami for repairs. While the Defendant's activities appeared suspicious, they do not rise to the level of supporting an attempted bail-jumping conviction under Sections 777.04 and 843.15, which requires proof beyond a reasonable doubt.
We find the Defendant's other arguments to be without merit and, accordingly, we affirm the Defendant's conviction for trafficking in cocaine and reverse the conviction for attempted bail-jumping.
Affirmed in part; reversed in part.
NOTES
[1] The defendant was subsequently acquitted on the obstruction of justice charge.