PER CURIAM.
The appellant, Edwin Gonzales, appeals a criminal conviction for trafficking in cocaine. Gonzales was a passenger on a bus en route from Miami to Tampa. While the bus was stopped in Fort Lauderdale, police officers entered the bus and began asking passengers if they would consent to a search of their luggage. Gonzales was seated in the middle of the bus by the window. Another man was seated next to him on the aisle. When the officers reached the row where Gonzales was seated they asked the man in the aisle seat if he had any luggage. The man said “no” and pointed to Gonzales. The officers then asked Gonzales if he had any bags. Gonzales pointed upward to the overhead luggage rack but made no verbal response. Both officers testified that Gonzales reached up and unzipped the bag overhead and handed it to them. Gonzales, however, denied ever having touched the bag. The officers found a package, rolled in the leg of a pair of pants, in the bag. One officer cut into the package with a knife. (Later tests confirmed that the substance was cocaine.) Subsequently both Gonzales and the man in the aisle seat ran off of the bus.
Although Gonzales raises several issues on appeal we find it necessary to address only the question of whether the search of the package, contained within the bag, was proper and whether the trial court erred in denying Gonzales’s motion to suppress the physical evidence.
There are three common ways that a search of a package contained within a bag can properly occur: as a search incident to an arrest, as a search based upon consent, or as a search based upon probable cause.
Search incident to arrest. It is clear in the instant case that this was not a search incident to an arrest. When the officers initially boarded the bus they merely had the intention of requesting consent to search passengers’ property, they had no information upon which to make an arrest.
Consent search. Even if it is accepted that Gonzales consented to the search of the luggage by unzipping the bag, the scope of that consent was exceed *254 ed when the police searched the closed container concealed within the luggage. It is undisputed that once the police discovered the package contained within the luggage they made no further request for consent to search the container. In State v. Wells, 539 So.2d 464 (Fla.1989) the Florida Supreme Court determined that a defendant’s consent to search his car trunk did not authorize a state trooper to open locked luggage found within the trunk. Likewise in the instant case the consent to search the suitcase would not automatically extend to the container within the luggage.[1]
Probable cause. In some instances where consent to search has been given and thereafter the police obtain information which establishes probable cause to believe that contraband is contained within a container within the luggage, then a further search based upon this probable cause may be proper. In Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985) narcotics officers encountered the defendant in a railroad station and asked if they could search his tote bag. The defendant consented. Inside the officers found several brown paper packages each six inches long and two inches wide. The packages were malleable. The officers opened the packages and they contained cocaine. The Third District upheld the search and determined that the distinctively wrapped, shaped, and sized packages, gave the officers probable cause to believe that narcotics were present. The officers testified that they recognized the package. On that basis the officers were permitted to seize and examine the packages as incident to the arrest of the defendant on that charge. The instant case is distinguishable, here there was no specific testimony indicating that the officers recognized the package as being of a type used for drug transactions, thus there is no basis for concluding that they obtained probable cause to believe that narcotics were present.
One other recent case from this District discusses this issue. In Curry v. State, 540 So.2d 165 (Fla. 4th DCA 1989) this court affirmed the denial of a motion to suppress. There the police officer had poked a hole in a duct-taped package (as the police did in the instant case) after the defendant gave informed consent to search the bag containing the package. The court reasoned that even after the Supreme Court’s decision in Wells an officer could open a container within luggage if the officer, based on his previous experience and expertise, determined the container to be narcotics related. As previously indicated above, there was no testimony in the instant case which established, based upon the officers’ experience and expertise, that they recognized the closed, taped container found within the luggage as being the type used to carry contraband.
Because we find no proper basis for the search of the container within the luggage we are compelled to reverse the trial court’s order denying the defendant’s motion to suppress the physical evidence. We reverse and remand with instructions to release the defendant/appellant, Edwin Gonzales.
REVERSED AND REMANDED.
WALDEN, GUNTHER and WARNER, JJ., concur.

. We note in passing that Nazario v. State, 535 So.2d 295 (Fla. 4th DCA 1988) holds that consent to search luggage extends to the packages contained within that luggage; however Nazario relies on State v. Wargin, 418 So.2d 1261 (Fla. 4th DCA 1982) as support for this proposition and Wargin has been disapproved by the Supreme Court in State v. Wells, 539 So.2d 464 (Fla.1989). Additionally we note that review of Nazario is currently pending in the Florida Supreme Court.