549 So.2d 236 (1989)
Cervantiz A. SHELTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1883.
District Court of Appeal of Florida, Third District.
September 26, 1989.
*237 Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before NESBITT, JORGENSON, and COPE,[*] JJ.

On Motion for Rehearing
NESBITT, Judge.
We deny appellee's motion for rehearing and substitute the following for the opinion released July 11, 1989 in order to clarify a point of law.
The defendant appeals the denial of her motion to suppress evidence obtained pursuant to a consent search and her subsequent conviction for trafficking in cocaine. We reverse.
At a Miami Amtrak station, narcotics officers approached Cervantiz Shelton after they observed her boarding a sleeping car of a train bound for Washington, D.C. with only a small tote bag and a purse. The officers identified themselves and explained that they were investigating the movement of narcotics out of Florida. Shelton was asked for identification. She produced a driver's license and a train ticket which were returned to her. She then consented to a search of her bags after being advised of her right to refuse the search request. Upon finding a very heavy, small, gift-wrapped box under some clothing in the tote bag, one officer picked up the box and began to carefully remove the wrapping. Shelton remained silent during this procedure. In the box, a kilo of cocaine was found. Shelton was charged with trafficking in the contraband. The defendant's motion to suppress the cocaine was denied, and she was subsequently found guilty of the charge. She now appeals claiming her consent to search the tote bag did not extend to consent to search the contents of the gift-wrapped package within that bag. We agree.
A property search conducted without a warrant and without probable cause is constitutionally invalid. However, an otherwise unreasonable search becomes reasonable upon consent to search being granted subject to a few specifically established and well delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The scope of a consent search is limited to the extent of the permission given, as determined by the totality of the circumstances. State v. Wells, 539 So.2d 464 (Fla. 1989); Martin v. State, 411 So.2d 169 (Fla. 1982); State v. Fuksman, 468 So.2d 1067 (Fla. 3d DCA 1985). Acquiescence in the apparent authority of the police to perform a search is not sufficient to establish valid consent. Correa v. State, 389 So.2d 1204 (Fla. 3d DCA 1980), review denied, 399 So.2d 1146 (Fla. 1981); Major v. State, 389 So.2d 1203 (Fla. 3d DCA 1980), review denied, 408 So.2d 1095 (Fla. 1981).
The evidence here establishes that the defendant consented to a general search of her tote bag for narcotics. However, the scope of the consent did not extend to the unwrapping of the sealed box. There is no evidence to suggest either that the officers requested permission to unwrap the package or that Shelton consented to their search of the gift-wrapped box. As stated in Wells:
When the police are relying upon consent to conduct a warrantless search, they have no more authority than that reasonably conferred by the terms of the consent. If that consent does not convey permission to break open a locked or sealed container, it is unreasonable for *238 the police to do so unless the search can be justified on some other basis.
539 So.2d at 467.
There are cases where courts have found sufficient facts to constitute a basis for opening sealed containers pursuant to a search undertaken with the consent of the defendant. Some deal with the presence of probable cause. For example, in State v. Cross, 535 So.2d 282 (Fla. 3d DCA 1988), during a consensual search of luggage for narcotics, the presence of a taped, baseball-shaped object, which in the detectives' experience was a common way to package cocaine, provided the probable cause necessary to seize the object which was found to contain cocaine. See Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985) (police discovery of "distinctively wrapped, shaped, and sized packages" constituted probable cause to believe narcotics were present and thus to authorize search of defendant's package incident to arrest). Other cases upholding seizures pursuant to consent searches are based on a finding that, when viewed in the totality of the circumstances, the scope of consent extended to the object where contraband was found. See Rosa v. State, 508 So.2d 546 (Fla. 3d DCA), review denied, 515 So.2d 230 (Fla. 1987).
In contrast to the facts of the above cases, the record in this case is devoid of any facts which would have justified the opening of the sealed container at issue. To presume that the mere identification of the purpose of a consent search in and of itself grants a police officer the right to search sealed containers within the general area agreed to by the defendant is unreasonable and impermissible under the Fourth and Fourteenth Amendments. See Wells, 539 So.2d at 468, Hutchinson v. State, 505 So.2d 579 (Fla. 2d DCA 1987), review dismissed, 519 So.2d 603 (Fla. 1988); Fuksman, 468 So.2d at 1070.[1]
Accordingly, the trial court erred in denying the motion to suppress.
However, in view of the fact that the United States Supreme Court has granted a petition for certiorari review of State v. Wells, [Florida v. Wells, ___ U.S. ___, 109 S.Ct. 3183, 105 L.Ed.2d 692 (1989)], we certify the question discussed herein to the Supreme Court of Florida because of our lingering doubts as to the state of the law on this issue.
Reversed and remanded.
NOTES
[*] Judge Cope did not participate in oral argument.
[1] Preliminary to issuing this opinion, this court held an en banc hearing to determine whether Fuksman, 468 So.2d at 1067, conflicts with Rosa, 508 So.2d at 546. It was decided that the two cases are in harmony. Both support the holding in the instant case. In Fuksman, this court held that the scope of consent to search the defendant's car did not extend to unlocking a briefcase where incriminating evidence was found. In Rosa, the defendant's words and actions, when viewed in the totality of the circumstances, constituted the consent necessary to search a small zippered bag found inside a large piece of luggage.