550 So.2d 1176 (1989)
The STATE of Florida, Appellant,
v.
Luz Piedad JIMENO and Enio Jimeno, Appellees.
No. 89-888.
District Court of Appeal of Florida, Third District.
October 24, 1989.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellant.
Sidney Efronson and Ramon Tourgeman and Calianne P. Lantz, Miami, for appellees.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
The state appeals from an order granting defendants' motion to suppress physical evidence. We affirm.
The question presented in this appeal is whether a concededly valid consent to search a motor vehicle for narcotics permits a search of a closed paper bag found on the front floor of the passenger side of that car. The trial court found that even though the officer advised defendants that he wanted to search the vehicle for illegal drugs, defendants never specifically consented to a search of the rolled-up bag. Based on that finding, the trial court concluded that the scope of the consent given did not extend to the search and seizure of the bag.
This court has held that consent to a general search for narcotics does not extend to "sealed containers within the general area agreed to by the defendant." Shelton v. State, 549 So.2d 236 (Fla. 3d DCA 1989). We decline to depart from the holding and rationale of Shelton;[1] we certify to the Florida supreme court the same question certified in Shelton.
Affirmed.
NOTES
[1] As in Shelton, here, viewing the totality of the circumstances, "the record is devoid of any facts which would have justified the opening of the sealed container at issue." Id.