GARRETT, Judge.
The state appeals the trial court’s granting of appellee’s motion to suppress evidence.
On route to board an airplane at the Fort Lauderdale Airport, appellee and his suitcase had to pass through a security check area. The x-ray screening of the suitcase showed a disassembled handgun. A deputy sheriff was called to the scene. When asked, appellee admitted he had a handgun in his suitcase. After the deputy retrieved the handgun, appellee was arrested for carrying a concealed weapon in a federally secured area. When asked if he had any ammunition, appellee began to pull clothes out of his suitcase. Two odd shaped golf ball sized objects wrapped in black electrical tape fell to the floor. The deputy did not think the objects were “anything violent.” A second deputy sheriff picked up the objects. Bullets and a knife were also found in the suitcase. The deputies took appellee and the seized items to the sheriff’s airport substation, where, without a search warrant, the deputies punctured the objects and found cocaine inside.
Probable cause is not a prerequisite to a search conducted to prevent skyjacking. Shapiro v. State, 390 So.2d 344, 350 (Fla.1980), cert. denied, 450 U.S. 982, 101 S.Ct. 1519, 67 L.Ed.2d 818 (1981). Today’s airline passengers cannot expect privacy from preventative skyjacking searches. The public knows that the person and luggage of every passenger are searched before boarding a plane. Id. at 347. Even after the seizure of the handgun, the right to search the suitcase did not terminate, but continued so that any ammunition or other object which might constitute an airline security risk could be *387 found and confiscated.[1] Although the deputy did not consider the objects a threat to security, their packaging and odd shape led him to conclude based on his training and experience that the objects contained contraband. The deputy’s expert opinion established probable cause to seize and later puncture the objects. Curry v. State, 540 So.2d 165 (Fla. 4th DCA), review denied, 548 So.2d 662 (Fla.1989).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
HERSEY, C.J., concurs.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.

. Appellee’s arrest also justified a search of the suitcase. When a police officer makes a lawful arrest, a search of any container carried by the arrestee is a reasonable intrusion incident to that arrest. The arrestee’s ability to destroy evidence does not determine the validity of a search incident to arrest. Savoie v. State, 422 So.2d 308, 313-14 (Fla.1982).