GERSTEN, Judge.
Appellant, Zoila Rodriguez, appeals the denial of her motion to suppress cocaine and subsequent conviction for trafficking in cocaine. We affirm.
*69 Appellant was observed by Officers Fae-chiano and Noriega at Miami International Airport purchasing an airline ticket to Dallas/Fort Worth in cash. Appellant appeared nervous and ill at ease so the officers decided to follow her. After appellant passed through the security checkpoint without incident, the officers identified themselves and requested to speak to her. Appellant indicated that she did not speak English so Officer Noriega continued the conversation with her in Spanish.
Officer Noriega advised appellant that he wanted to speak with her with respect to the problem of contraband leaving Miami. Appellant indicated that she did not mind speaking to the officers. She gave her name as Danoris Garcia and showed them that this was the same as the name on her ticket. In response to a question regarding identification appellant said, “[n]o, I don’t have any, and do you want to search my bag?” Officer Noriega asked, “[a]re you giving me permission to search your bag?” Appellant responded affirmatively.
Officer Noriega proceeded to unzip appellant’s garment bag. The first item displayed was a jacket. The officer placed his hand in the jacket and felt a malleable, squeezable substance. To reach this malleable substance, Officer Noriega unzipped the jacket and found an opaque plastic drawstring bag of the type used in shoe stores. Officer Noriega was unable to untie the drawstring bag so he ripped it open, revealing another opaque plastic bag. The officer’s past experience with objects packaged this way, was that they generally contained narcotics. Officer Noriega also ripped open this second plastic bag and found inside it, a clear plastic bag containing what appeared to be cocaine. After the discovery of the suspected cocaine, the officers placed appellant under arrest.
The State stipulated at the suppression hearing that appellant’s consent to search did not extend to a search of the plastic bags inside her garment bag. The trial court denied appellant’s motion to suppress and the case proceeded to trial. Appellant was found guilty and sentenced for trafficking in cocaine.
Appellant contends the trial court erred in denying her motion to suppress because there was no probable cause to search the plastic bags inside of her garment bag. We do not agree.
The appellant consented to a search of her garment bag for contraband. The scope of her consent, as stipulated to by the State, did not extend to the closed plastic bags located within the garment bag. See State v. Wells, 539 So.2d 464 (Fla.), cert. granted, — U.S. -, 109 S.Ct. 3183, 105 L.Ed.2d 692 (1989); Shelton v. State, 549 So.2d 236 (Fla. 3d DCA 1989). However, probable cause to search the plastic bags did arise when, in conjunction with appellant’s nervousness and lack of identification: (1) the officer felt a malleable, squeezable substance; (2) he further discovered a plastic drawstring bag in which another plastic bag was located; and (3) it was within his law enforcement experience that narcotics were often packaged this way.
Under similar circumstances, the courts have found probable cause to search. In Curry v. State, 540 So.2d 165, 166 (Fla. 4th DCA), review denied, 548 So.2d 662 (Fla.1989), the court ruled there was probable cause to search packages discovered pursuant to a consent search of a bag, when such packages were opaque and duct-taped and it was the police officer’s “experience in law enforcement that duct-taped packages and the feel of them were typical of kilos of cocaine.” In Henderson v. State, 535 So.2d 659 (Fla. 3d DCA 1988), this court ruled there was probable cause to search a deodorant container found during a consent search of the defendant’s luggage, when the deodorant container did not shake like deodorant and the officer concluded, based on his experience, the container held cocaine. Likewise, in Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985), this court found probable cause to search packages discovered during a permissive search of a defendant’s tote bag, when the officers squeezed one of the packages and found it contained a malleable substance, and the packages were distinctively wrapped, shaped, and sized, causing the *70 police to believe that narcotics were present. Palmer, 467 So.2d at 1063-1064.
Officer Noriega was not presumptuous in ripping the opaque bags open. He formed part of his conclusion that narcotics were present on a very real basis — his own tactile perception. As this court explained in Henderson, 535 So.2d at 660, “a consent to ‘search’ contemplates that the searcher will employ all of his senses in conducting the search.” Moreover, the sense of touch was used, in part, to form a conclusion as to the presence of narcotics in Curry v. State, 540 So.2d at 166, Henderson v. State, 535 So.2d at 660-661, and Palmer v. State, 467 So.2d 1063. Once Officer Noriega felt the malleable substance within the garment bag, in conjunction with other enumerated factors, he knew he was not dealing with a bag of peanuts, but rather, narcotics.
Having found there was probable cause to search the plastic bags, we do not find it necessary to address the State’s alternative contention that the search was valid, as an airport checkpoint search for weapons or devices that could be used in a hijacking.
Affirmed.
LEVY, J., concurs.