COPE, Judge.
The State appeals an order granting a motion to suppress evidence obtained from defendant’s automobile. We reverse.
A state trooper observed the defendant illegally drive his vehicle over the median strip of an interstate highway. The officer stopped the vehicle and, upon examining defendant’s driver’s license, found that it had expired over four months previously. The defendant stated that the car belonged to him but that he did not possess the registration and proof of insurance. The defendant and the passenger gave conflicting stories about their destination, and the passenger was very nervous.
Because the officer was suspicious of the defendant and his passenger, he called for a backup unit. When the second trooper arrived, the officer asked permission to look in the vehicle. Defendant agreed. During a search of the car’s interior compartment, the trooper noticed a paper bag containing two closed, but unsealed, boxes on the floorboard of the back seat. The trooper lifted the lids of the boxes, revealing cocaine, whereupon he arrested the defendant on narcotics charges. See § 893.135, Fla.Stat. (1987). Later, at the police station, defendant was charged with driving without a valid driver’s license and other motor vehicle offenses.
At the hearing on the motion to suppress the contraband, the officer testified that prior to conducting the search of the car, he had no intention of making a custodial arrest of the defendant for the expired license.[1] He intended only to issue a traffic citation, apparently contemplating that the passenger would drive the car from the scene.
The officer also testified that while he was writing the traffic citation, he observed continuous furtive movements by the passenger which led him to be concerned that, among other things, the passenger might have a weapon. At that point the officer ordered the passenger to leave the car, requested consent, and conducted the search.
The trial court granted the motion to suppress. Relying on the panel opinion in State v. Cross, 535 So.2d 282 (Fla. 3d DCA 1988),[2] the trial court concluded that the form of the officer’s request for consent encompassed only the vehicle but not closed containers therein. Since there was *707 no separate request for consent to open the boxes, the trial court concluded that the officer exceeded the scope of the consent.
The trial court also rejected the State’s alternative argument that the search should be sustained as a valid search incident to a lawful arrest. The court acknowledged that, if the automobile search had been incident to a lawful arrest, then the officer would have been entitled to search all containers within the passenger compartment. New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775 (1981). The court rejected the “search incident” argument because the officer had not made a custodial arrest, and had no intention of doing so, until after the search uncovered the contraband. The trial court therefore granted the motion to suppress.
The record before us discloses that, in the circumstances of the present case, the officer’s actions constituted a valid search for weapons authorized by Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), and for that reason the motion to suppress should have been denied. That being so, we need not reach the remaining issues of consent and search incident to a lawful arrest.[3]
Michigan v. Long holds that in the context of a traffic stop, an officer may search “the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, ... if the police officer possesses a reasonable belief based on ‘specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant’ the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.” 463 U.S. at 1049, 103 S.Ct. at 3481, 77 L.Ed.2d 1201, citing Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968) (footnote omitted). The test is “ ‘whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.’ ” Id. While automobile searches cannot routinely be made whenever there is an investigative stop, they can be made “during investigative detentions ... when they have the level of suspicion identified in Terry.” Id. 463 U.S. at 1049 n. 14, 103 S.Ct. at 3481 n. 14, 77 L.Ed.2d 1201.
Here the observations of the officer gave rise to a reasonable concern that the passenger was armed, and satisfied the standard set forth in Michigan v. Long. The officer was entitled to search the passenger compartment, including containers in which weapons might be held. Id.; see also § 901.151, Fla.Stat. (1987). The search conducted by the officer was within the bounds of his authority, and contraband discovered in the course of that search was lawfully seized. 463 U.S. at 1050, 103 S.Ct. at 3481, 77 L.Ed.2d 1201.
The suppression order is therefore reversed and the cause is remanded for further proceedings.

. The officer had grounds to make a custodial arrest. See §§ 318.14(1), 322.03(5)(b), Fla.Stat. (1987).

. Reversed, en banc, 535 So.2d at 285 (Fla. 3d DCA 1988), jurisdiction accepted, 544 So.2d 199 (Fla.1989).

. The United States Supreme Court has expressly left open the question whether, if probable cause to make a custodial arrest exists, but the officers do not actually effect the arrest, the police may nevertheless conduct a search of the passenger compartment as if the arrest had been made. Michigan v. Long, 463 U.S. at 1035 n. 1, 103 S.Ct. at 3473 n. 1, 77 L.Ed.2d 1201; New York v. Class, 475 U.S. 106, 119 fn., 106 S.Ct. 960, 969 fn., 89 L.Ed.2d 81, 94 fn. (1986).
The question of scope of consent to search a closed container is frequently a troublesome eme. See State v. Wells, 539 So.2d 464 (Fla.), cert. granted, — U.S. —, 109 S.Ct. 3183, 105 L.Ed.2d 692 (1989) (locked container); State v. Jimeno, 550 So.2d 1176 (Fla. 3d DCA 1989) (treating rolled paper bag in passenger compartment as sealed container; question certified to Florida Supreme Court); Shelton v. State, 549 So.2d 236 (Fla. 3d DCA 1989) (gift-wrapped package; question certified to Florida Supreme Court); State v. Cross, 535 So.2d at 282-88 (sealed container), jurisdiction accepted, 544 So.2d 199 (Fla.1989).