WESSEL, JOHN D., Associate Judge.
Annie Hester appeals a final judgment of conviction and sentencing in trafficking in cocaine and driving with a suspended driver’s license, after a jury verdict.
Two points are consolidated on appeal: (1) the stop by the Florida Highway Patrol; and (2) the seizure of evidence after a consent search.
At a pretrial suppression hearing, evidence indicated a Florida Highway Trooper, on routine duty November 21, 1987, and while in the process of responding to an accident call on the Florida Turnpike, passed a vehicle with its high beam lights on. Subsequently, the accident call was cancelled and the trooper pulled his vehicle off to the right shoulder of the road to wait for the vehicle with the high beam lights to approach from the rear. The vehicle was stopped by the trooper, who then approached the driver’s side, requesting of the appellant her driver’s license and vehicle registration. The trooper testified it was his routine procedure to ask people whom he stopped if they would consent to a search because of the presence of an extensive drug problem in Florida. Appellant indicated she was the owner of the vehicle and consented to the search of the vehicle. The trooper went to the back of the vehicle with her, and with her car keys, opened the hatchback. The search of the contents of the trunk of the vehicle produced nothing.
The trooper continued his search of the inside of the vehicle, after requesting a passenger to remove herself from the vehicle. The interior of the vehicle was then searched by the trooper. He first found a handbag in the back seat of the car and went through it. It was absent any contraband. He then found on the passenger side of the vehicle a brown paper bag which was “sitting there. It was folded over.” He observed two wrapped packages inside the bag which he suspected to be two kilo size packages containing cocaine.
The appellant was arrested and placed in the trooper’s patrol ear. The trooper then continued the search of the vehicle and there he found another handbag, containing an unlabeled pill bottle of four or five pieces of cocaine rock.-
The appellant claims the trial court erred in finding that section 316.238, Florida Statutes (1985), requires that the two vehicles be on the same roadway at the time of the infraction. We disagree and affirm the trial court in its conclusion that reading section 316.003(43), Florida Statutes (1985), with subsection (2) of section 316.238, Florida Statutes, does not require that the offending vehicle and the other *193 vehicle be on the same roadway for an infraction to occur.
The second point raised by the ap-' pellant concerns the global consent to search granted to the trooper by the appellant. Relying on State v. Wells, 539 So.2d 464 (Fla.1989), aff'd, Florida v. Wells, — U.S. -, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990), the appellant contends this consent to search does not apply to opening a closed container (brown paper bag) found in the vehicle.
We are dealing with an exception authorized to a warrantless search. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). “However the scope of this search is no broader and no narrower than a magistrate could legitimately authorize by warrant.” United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). It is the scope of this search that creates the difficulty herein.
In State v. Abrams, 548 So.2d 820 (Fla. 2d DCA 1989), rev. dismissed, 558 So.2d 19 (Fla. 1990), Judge Parker, speaking for the court, analyzes the cases flowing from Wells. Although, unlike the instant case, the containers were a purse which was closed, a package which was wrapped in plastic, and a closed trunk, in Wells, the pried-open suitcase found in the locked trunk was not the property of Wells, for he was not the owner of the car and had no knowledge of what was in the trunk.
The scope of allowable searches appears to be limited to the vehicle, and does not extend to any type of container within the vehicle. The question of closure is a question which must be established by the evidence. In this case, the brown paper bag, folded over and with contents not visible, would qualify as a closed or sealed container and, therefore, fell outside the scope of the consent to search the vehicle. State v. Jimeno, 550 So.2d 1176 (Fla. 3d DCA 1989); Shelton v. State, 549 So.2d 236 (Fla. 3d DCA 1989), rev. dismissed, 557 So.2d 867 (Fla.1990); Gonzales v. State, 547 So.2d 253 (Fla. 4th DCA 1989).
Accordingly, we must reverse the denial of the motion to suppress and remand with instructions to discharge the appellant, Annie Hester.
However, as was done in Jimeno, Shelton and Abrams we certify to the Supreme Court of Florida the following question as one of great public importance:
IF A MOTOR VEHICLE IS LAWFULLY STOPPED BY A LAW ENFORCEMENT OFFICER AND THE DRIVER CONSENTS TO THE OFFICER SEARCHING THE VEHICLE, DOES THE CONSENT GIVEN EXTEND TO THE SEARCH OF A BROWN PAPER BAG FOLDED-OVER, WITHIN THE VEHICLE, WHICH IS NEITHER LOCKED NOR SEALED?
DOWNEY and WARNER, JJ„ concur.