PER CURIAM.
The State appeals an order granting the motion of defendants Raul Henao and Carlos Endo to suppress evidence. We affirm.
Henao and Endo were occupants of a car which was stopped by the police. Henao had placed a small zippered purse under his seat. The police officers obtained verbal consent of Henao and Endo to search the car. The trial court found that when one of the police officers discovered the closed, zippered purse under the seat, he opened the purse without seeking a further consent. Relying on, inter alia, State v. Wells, 539 So.2d 464 (Fla.1989), aff'd, — U.S. -, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990), the trial court ruled that the previously given consent could not be construed as extending to the opening of the zippered purse. Since no consent was sought prior to the opening of the purse, the trial court ruled that the search was unreasonable and ordered that the contraband contained within the purse be suppressed.
The Florida Supreme Court recently held in substantially identical circumstances that a general consent to the search of a motor vehicle did not permit the opening of a closed container, in that case a rolled up paper bag. State v. Jimeno, 564 So.2d 1083 (Fla.1990), aff'g, 550 So.2d 1176 (Fla. *347 3d DCA 1989).* As Jimeno holds that consent must be specifically obtained to look inside closed but unsealed containers, and since the trial court found that such consent was not obtained in the present case, the order under review is affirmed,

 Jimeno has overruled sub silentio Rada v. State, 544 So.2d 1112 (Fla. 3d DCA 1989) (consent to search of vehicle included opening of closed plastic bag).