618 So.2d 1365 (1993)
STATE of Florida, Petitioner,
v.
Annie HESTER, Respondent.
No. 76404.
Supreme Court of Florida.
May 27, 1993.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for petitioner.
Gene Reibman, Sp. Appointed Public Defender, Fort Lauderdale, for respondent.
PER CURIAM.
We review Hester v. State, 563 So.2d 191, 193 (Fla. 4th DCA 1990), in which the district court of appeal certified the following question as one of great public importance:
IF A MOTOR VEHICLE IS LAWFULLY STOPPED BY A LAW ENFORCEMENT OFFICER AND THE DRIVER CONSENTS TO THE OFFICER SEARCHING THE VEHICLE, DOES THE CONSENT GIVEN EXTEND TO THE SEARCH OF A BROWN PAPER BAG FOLDED-OVER, WITHIN THE VEHICLE, WHICH IS NEITHER LOCKED NOR SEALED?
We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
A similar question was certified to this Court in State v. Jimeno, 550 So.2d 1176 (Fla. 3d DCA 1989). We originally responded to the question in the negative. State v. Jimeno, 564 So.2d 1083 (Fla. 1990), cert. granted, 498 U.S. 997, 111 S.Ct. 554, 112 L.Ed.2d 561 (1990). However, our decision *1366 was reversed by the United States Supreme Court. Florida v. Jimeno, ___ U.S. ___, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). Upon remand, this Court quashed the decision of the district court of appeal that had affirmed the order suppressing the evidence, stating:
Jimeno now argues that the opening of the paper bag violated his right to privacy pursuant to article I, section 23 of the Florida Constitution. We reject this argument because of article I, section 12 of the Florida Constitution, which requires this Court to construe Fourth Amendment issues in conformity with rulings of the United States Supreme Court. As explained in State v. Hume, 512 So.2d 185 (Fla. 1987), our right of privacy provision, article I, section 23, does not modify the applicability of article I, section 12, particularly since section 23 was adopted prior to the present section 12.
State v. Jimeno, 588 So.2d 233, 233 (Fla. 1991).
It is evident that our disposition of Jimeno controls the instant case. Therefore, we quash the decision below and remand with directions to reinstate Hester's conviction for trafficking in cocaine.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs in result only.